

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00015-CR

Camryon Jevon **CAGAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. A2411
Honorable Albert D. Pattillo, III, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
              Irene Rios, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: May 21, 2025

DISMISSED

On November 20, 2024, appellant Camryon Jevon Cagan was convicted of the offense of tampering with or fabricating physical evidence and sentenced to ten years' imprisonment. *See* TEX. PENAL CODE ANN. § 37.09(c). On December 10, 2024, appellant filed a notice of appeal. The trial court's certification signed on August 1, 2024, states that this "is a plea-bargain case, and the defendant has NO right of appeal," and a certification signed on November 20, 2024, states that "the defendant has waived the right of appeal."

Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure provides:

In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:

(A) those matters that were raised by written motion filed and ruled on before trial,

(B) after getting the trial court's permission to appeal, or

(C) where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial, nor does it indicate the trial court gave its permission to appeal. *See id.* Appellant has not identified with this court any statute that expressly authorizes the specific appeal. *See id.* The trial court's certifications, therefore, appear to accurately reflect that this is a plea-bargain case and appellant does not have a right to appeal.

We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d). On March 20, 2025, we issued an order stating this appeal would be dismissed unless an amended trial court certification was made part of the appellate record by April 21, 2025. *See* TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). Appellant did not respond. Because no amended trial court certification has been filed, we dismiss this appeal pursuant to Rule 25.2(d).

PER CURIAM

DO NOT PUBLISH